

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 19, 1953

Hon. Horace B. Houston, Jr., Chairman
State Affairs Committee
House of Representatives
53rd Legislature
Austin, Texas

Opinion No. S-19

Re: Constitutionality of proposed
amendment to House Bill 346
authorizing Federal Social
Security coverage for county
or municipal employees en-
gaged in proprietary functions.

Dear Sir:

We quote the following excerpt from your letter request-
ing the opinion of this office on the above captioned subject.

"The State Affairs Committee in the House of Repre-
sentatives is considering House Bill 346, which proposes
an amendment to House Bill 603, Chapter 500, Acts 52nd
Legislature, Regular Session, 1951.

"House Bill 603 excludes services performed in con-
nection with a proprietary function of the county or munici-
pality. The proposed amendment, House Bill 346, likewise
excludes proprietary services. It has been proposed, how-
ever, that services performed in connection with proprie-
tary functions of the counties and municipalities be included
in the OASI coverage, and it has been suggested to the Com-
mittee that the proposed House Bill 346 be amended so as to
take in such proprietary functions.

"Our question is: If House Bill 346 were amended and
enacted so as not to exclude services performed in connec-
tion with proprietary functions of the political subdivisions,
would the Law be constitutional?"

Attorney General's Opinion V-1198 (1951), addressed
to Governor Allan Shivers, held that the provisions of House Bill
603 were constitutional. We quote the following excerpt from pages
7 and 8 of that opinion.

"Despite the fact that House Bill 603 contemplates that participating counties and municipalities--not the State--shall shoulder the financial burdens incident to obtaining coverage for their officers and employees, it is equally clear that the Federal Act requires the State to be the responsible party to any agreement with the Administrator for coverage for such officers and employees. Under the Federal Act the State is the only party authorized to enter into agreements with the Administrator, Sec. 218(a) (1), and to modify or terminate such agreements, Sec. 218(c) (4) and 218(g). The State must make the payments and reports required by the Act, Sec. 218(e); and, in the event the State does not make the payments provided for under the agreement at the time said payments are due, six per cent interest will be added thereto until paid; and the amount due, plus such interest, may, in the discretion of the Administrator, be deducted from payments to the State under any other provision of the Social Security Act, and shall be deemed to have been paid to the State under such other provision. Sec. 218(j). [The sections referred to may be found in 42 U.S.C.A., Sec. 418.]

"It must be conclusively presumed, of course, that the Legislature was familiar with the provisions of the Federal Act and that therefore it intended to authorize the State Agency to enter into such agreements with the Federal Security Administrator as are contemplated by the Federal Act."

The opinion held that the Legislature could validly authorize a State Agency to enter into such agreements as were authorized by House Bill 603 without violating the provisions of Section 50 of Article III [1] of the Texas Constitution since a limitation on the power of the Legislature to lend or give the State's credit does not apply to a

---

[1] Section 50 of Article III of the Constitution of the State of Texas reads as follows:

"The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever."

loan or gift of the State's credit for State purposes. 59 C.J. 208, States, Sec. 346; City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818, 820 (1923). The opinion pointed out that counties are agencies of the State through which the State discharges the duties of organized government and that to the extent the State aids its counties in obtaining coverage agreements under the Federal Act for their officers and employees it is discharging a State obligation. Hence no question of lending the State's credit arises. Municipalities "have a two-fold character, one governmental and the other private, and, insofar as their character is governmental, they are agencies of the State and subject to state control." Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926). The opinion specifically notes that only such employees of municipalities as are engaged in governmental functions are eligible for coverage and concludes that the State could as validly assume an obligation to aid municipalities in the performance of their governmental functions as to aid counties in the discharge of county functions.

It is apparent from the foregoing summary that House Bill 603 as originally enacted did not violate the provisions of Section 50 of Article III because only employees engaged in performing services in connection with governmental functions of the State were eligible for coverage. If the Legislature should attempt to authorize the State to lend or pledge its credit in behalf of political subdivisions seeking coverage for employees engaged in performing services in connection with proprietary functions of said subdivisions, we are of the opinion that such an enactment would be unconstitutional.

## SUMMARY

The proposed amendment to House Bill 346 which would authorize the State to enter into agreements with the Federal Government for the purpose of extending Federal old-age and survivors insurance coverage to those employees of political subdivisions of the State who are engaged in performing services in connection with proprietary functions of said subdivisions is unconstitutional. Tex. Const. Art. III, Sec. 50.

APPROVED:

W. V. Geppert
Taxation Division

Willis Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Marietta McGregor Creel

Marietta McGregor Creel
Assistant